IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| AMANDA VAN BRAKLE<br>3906 Turnbridge Ct, Unit 302<br>Brunswick, OH 44212<br><br>      Plaintiff,<br><br>v.<br><br>REVENUE ASSISTANCE<br>CORPORATION<br>DBA Revenue Group<br>Michael T Sheehan, statutory agent<br>3711 Chester Ave., Suite 200<br>Cleveland, OH 44114<br><br>      Defendant. | CASE NO.:<br><br>JUDGE:<br><br><u>COMPLAINT FOR MONEY DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OHIO<br>CONSUMER SALES PRACTICES ACT</u> |

Plaintiff Amanda van Brakle ("Plaintiff" or "van Brakle"), by and through counsel, hereby submits her Complaint to this Court against Defendant Revenue Assistance Corporation. ("Revenue Group" or "Defendant" or "Debt Collector"), and avers and alleges as follows:

**SUMMARY OF THE CASE**

1. Revenue Group, through its employees, attempted to collect an unlawful, invalid, and mischaracterized / misrepresented consumer debt from Amanda van Brakle. Specifically, Revenue Group attempted to collect for its client, the Cleveland Clinic Foundation ("CCF"), and demanded, $742 from van Brakle related to a medical procedure performed in August 2018. Defendants' attempt to collect this debt is unlawful and invalid because (1) it misrepresents and mischaracterizes the amount of the debt by not accounting for all payments made; (2) it was not properly submitted to insurance; and (3) the amount is in excess of the amounts permitted to be collected by Ohio law, specifically R.C. 1751.60 and

R.C. 3923.81. Defendant has attempted to collect a misrepresented, mischaracterized, unlawful, and invalid debt from van Brakle. Defendant engages in a pattern and practice of doing so in regard to other CCF billing, as well. This conduct violated the Federal Fair Debt Collection Practices Act ("FDCPA").

2. Defendant's conduct violating the FDCPA also constitutes violations of the Ohio Consumer Sales Practices Act ("CSPA"), and violations of the Cleveland Consumer Protection Ordinance. Defendant also engaged in other CSPA violations, as well.

## PARTIES, JURISDICTION, AND VENUE

3. Amanda van Brakle is an individual who lives and resides in Medina County, Ohio.

4. Defendant Revenue Group is a corporation organized under the laws of the State of Ohio, with its principle place of business and headquarters located in Cleveland, Ohio.

5. Revenue Group is in the business of regularly and customarily collecting consumer debts, specifically medical bills, for its clients, customers, and other third-parties, from consumers. Specifically Revenue Group is a debt collector and regularly as the primary purpose of its business collects debts, and does so for the CCF.

6. At all times relevant, Revenue Group was a debt collector when it communicated with van Brakle to demand payment from her in its attempt to collect a consumer medical debt from her on behalf of the CCF.

7. The transaction between van Brakle and the CCF was not a transaction between a patient and physician, because the CCF is not a physician but a hospital system.

8. Revenue Group admitted in multiple oral and written communications with van Brakle that it is a debt collector as that term is used and defined under the FDCPA.

9. According to its website (www.revenuegroup.com), and the pages on that website, Revenue Group is a leader in the debt collection industry, and at the page https://revenuegroup.com/services/, Revenue Group specifically states that it performs third-party debt collection, that its philosophy is to put the consumer first, and that it screens and obtains information about the files it collects before it starts collection, so that it can focus efforts on collections rather than gathering information.

10. On that same webpage, Revenue Group claims to have knowledge and experienced employees who offer or handle medical bill insurance coding services, account billing services, insurance contractual adjustments or denials, and other insurance coverage or bill or invoice related knowledge and experience.

11. If a user clicks on the link for "Make a Payment," at the Revenue Group website, it leads to the webpage https://www.emergetechnology.net/#/Revenuegroup/, which states, among other things, that "**REVENUE GROUP IS A DEBT COLLECTION AGENCY. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**"

12. Amanda van Brakle's account was listed with, accepted by, and provided to, Revenue Group in early 2019 by the CCF, which was months after it was considered in default for non-payment, and Revenue Group first imitated contact with van Brakle in writing in February 2019.

13. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331.

14. This case presents a question under Federal Law, specifically under the FDCPA, and therefore Federal subject matter jurisdiction exists, as well as jurisdiction over the ancillary state law claims.

15. Venue and jurisdiction are proper in the Northern District of Ohio because Defendant is located within the District, and because its acts and conduct originated from the District.

16. Defendant is a collection firm regularly engaged in debt collection activities on behalf of its clients against consumers to collect consumer debts. This includes preparing written communications that are demands of payment, communicating defaulted debt to consumers for collection, and taking other steps on medical bills and accounts in the State of Ohio against consumers and patients of the CCF.

## OTHER FACTS COMMON TO ALL COUNTS

17. Defendant was attempting to collect an alleged consumer debt from van Brakle, specifically an alleged medical debt for personal medical services or testing or procedures provided by the CCF, and billed through the CCF.

18. Defendant called and sent a letter to van Brakle sometime around the end of January and beginning of February 2019 to collect a personal medical debt from her.

19. In response to these attempts, van Brakle dispute the debt with Revenue Group, informing Revenue Group that she did not owe that amount, and would not be paying the full amount. This dispute occurred at around the same time as the initial communication from Revenue Group, or February 1, 2019.

20. Defendant, in response to the dispute, sent a written communication received by van Brakle was on or around February 18, 2019, in which Revenue Group stated that the "Cleveland Clinic Hospital" was owed $742 for services on August 24, 2018 in response to a denial from van Brakle on February 1, 2019.

21. Defendant represented in its February 18, 2019 letter that the creditor was "Cleveland Clinic Hospital," which is false. There was, and is, no such entity, fictitious name, trade

name, person, business, or non-profit entity called "Cleveland Clinic Hospital." The true creditor is the CCF. Amanda van Brakle owed nothing to "Cleveland Clinic Hospital," received no services from "Cleveland Clinic Hospital," and incurred no liability or debt to "Cleveland Clinic Hospital." In fact, "Cleveland Clinic Hospital" is confusingly similar to other separate entities, namely: "CLEVELAND CLINIC AVON HOSPITAL" which is a separate non-profit corporation from the CCF; "CLEVELAND CLINIC REHABILITATION HOSPITAL, LLC," which is a separate Delaware limited liability company but is not the CCF; "CLEVELAND CLINIC UNION HOSPITAL," which is the trade name of The Union Hospital Association and is separate from the CCF.

22. Amanda van Brakle did not owe the $742 demanded, sought by, and represented by Revenue Group, and she again disputed the same.

23. In a follow up to her initial dispute, van Brakle sent another written dispute to Revenue Group on March 23, 2019, noting that she was not seeking verification of the debt in her initial dispute, and that Revenue Group had misunderstood the nature of her dispute of the debt. She again re-iterated she would not be paying the full amount, and disputed the amount.

24. Although Revenue Group and the CCF falsely represented to van Brakle that she only paid $10 toward her original $752 bill, she had actually paid at least $25 more toward that bill as a co-pay the day of the service on August 24, 2018.

25. Revenue Group and/or the CCF failed to properly code and submit the $752 bill to van Brakle's insurance for the real reason of the visit, resulting in a denial of the insurance claim for being mis-coded, as if it had not been submitted, at all. This should have been

obvious to Revenue Group, which has knowledge of bill coding and in fact handles such coding, bill submissions, and claims issues with insurance companies.

26. Revenue Group did not include the $25 co-pay payment, or other payments, that van Brakle made, as credits toward the amount owed.

27. The $752, and $742, are in excess of the adjusted amount, negotiated amount, or approved amount for transvaginal ultrasounds by the CCF as outlined by Medical Mutual's agreement or contract with CCF.

28. Defendant has knowledge of all of these facts alleged, had that knowledge at the time it engaged in collection efforts and communications with Plaintiff, and/or subsequently learned that information and obtained that knowledge, but continued and attempted to collect the debt from Plaintiff in March and April of 2019.

29. On March 18, 2019, Revenue Group sent another written demand to van Brakle, stating it was a "Final Notice," representing a completely different creditor "Cleveland Clinic Main Campus and Family Health Centers," not CCF, still misrepresenting the amount, and still attempting to collect the unlawful and invalid debt.

30. In later March of 2019, van Brakle communicated and responded to Revenue Group, denying that she owed the debt, and specifically invited only a written counteroffer / demand to her offered good faith payment, but otherwise denied that she owed the entire debt.

31. In April of 2019, Revenue Group continued to communicate with van Brakle via phone and letter to collect the debt, despite knowing that van Brakle disputed the entire debt and stated she did not owe that amount of money.

32. Revenue Group left two messages for van Brakle concerning a debt it was attempting to collect, on April 17, 2019 and April 22, 2019, among other dates, and called on numerous other occasions.

33. On April 23, 2019, Revenue Group sent a second "Final Notice," apparently intending it to be an actual Final Notice, and not a fake Final Notice like the first Final Notice, demanding payment of $742 from van Brakle, and again misrepresenting the actual name of the Creditor.

34. Confused as to why Revenue Group was still contacting her after her initial disputes, refusal to pay, and Revenue Group's initial "Final Notice," van Brakle again sent a letter to Revenue Group requesting that it cease and desist in contacting her on May 3, 2019.

35. Revenue Group mischaracterized and misrepresented the amount of the debt not only because the $742 was not owed due to lack of proper submissions to insurance and failure to bill only the negotiated rate by the CCF, but because even the charges were otherwise proper, there was an additional $25 payment that was not credited toward this amount—specifically the co-pay paid the day of, or other payments made by van Brakle on her MyAccount page with the CCF.

36. CCF was in-network with, and had a contract with, van Brakle's insurer, Medical Mutual.

37. Revenue Group continued to communicate and attempted to collect the debt on numerous occasions in February, March, and April of 2019 after it received notice from van Brakle that she disputed the entire debt, would not be paying the entire debt, and did not owe the entire debt.

38. Revenue Group's continued communications with van Brakle, after she informed Revenue Group that she disputed the debt and refused to pay the entire debt, violated 15 U.S.C. section 1692c(c).

39. Revenue Group's multiple communications all falsely represented the character, amount, and legal status of the alleged debt, in different and distinct ways, in violation of 15 U.S.C. section 1692e(2)(A).

40. Revenue Group used false representations about the debt in its multiple communications, and it employed deceptive means, to collect and attempt to collect the alleged debt from van Brakle.

41. As outlined above, Revenue Group used false, deceptive, and misleading representations as a means to collect and attempt to collect an alleged debt from van Brakle.

42. During this time, and even after the disputes, Defendant continued to make numerous phone calls to van Brakle, in addition to its messages and letters, including many calls where no messages were left, at all, but proof of the calls were left on van Brakle's caller ID.

43. As outlined above, Revenue Group attempted to collect an amount from van Brakle that was in excess of the amount permitted under the agreement creating the debt (the negotiated and adjusted rates CCF negotiated with Medical Mutual, of which van Brakle was an intended third-party beneficiary), and in excess of that permitted by law, and specifically in excess of the amounts allowed by R.C. 1751.60 and R.C. 3923.81.

44. This conduct, outlined above, also violates 15 U.S.C. sections 1692f generally and , 1692e generally and 1692e(2) and (10) specifically, 1692d generally and 1692d(5) and (6) specifically, 1692(c)(c), 1692f generally and 1692f(1) specifically,

8

45. As a direct and proximate result of the conduct of Revenue Group, van Brakle suffered and continues to suffer severe stress, mental anguish, violation of her statutory rights and protections, annoyance, harassment, embarrassment, humiliation, and harm to her credit or creditworthiness.

46. As a direct and proximate result of the conduct of Revenue Group, van Brakle suffered injury to her statutorily protected rights, and was subjected to conduct deemed illegal and unlawful by the United States Federal Government, as well as the State of Ohio. This injury to her statutory rights and protections, and the conduct she was subjected to, has caused her both non-economic harm, as well as economic harm, including, but not limited to, the increase in her liabilities and alleged debts, and loss of the value of payments made.

47. The bill allegedly owed by van Brakle, which Revenue Group is collecting, is for a diagnostic ultrasound procedure, and is not a physician bill, nor is it money owed in a transaction between van Brakle and a physician.

## COUNT I – VIOLATION OF THE FDCPA

48. Plaintiff re-incorporates the foregoing as if re-stated herein.

49. The Plaintiff is a "consumer" within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d) as she purchased personal medical services from the CCF in the underlying transaction, and the debt being collected from her and that Revenue Group alleges is owed by her, is a personal medical debt, i.e. a consumer debt.

50. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) as it admits that it is, states that it is, and because it is in the business of regularly and customarily, as well as primarily, collecting or attempting to collect, directly or indirectly, consumer debts owed or asserted to be owed from consumers to Defendant's clients, and specifically the

CCF, and it does so once the debts are allegedly in default, including the debt at issue in this case, which was in default at the time it was sent to Defendant for collection.

51. Defendant violated the FDCPA by committing numerous acts that are unfair, deceptive, misleading, harassing, oppressive, unconscionable, or otherwise in violation of the requirements of the FDCPA, as outlined previously in this Complaint.

52. Upon information and belief, it is Defendant's pattern, practice, and/or policy of collecting amounts in excess of Ohio law's limitations for CCF billings, knowing full well that consumers and debtors had private insurance. Defendant knowingly and otherwise attempts to collect debts in excess of consumer's financial obligation to the CCF, in excess of the consumer's deductible and/or co-pay, and in excess of the negotiated rate agreed to between CCF and the consumers' insurance, here Medical Mutual, when consumers are required to pay out of pocket.

53. In other words, Revenue Group has a pattern, practice, and/or policy of collecting unlawful, illegal, and invalid debts from consumers, on behalf of the Cleveland Clinic.

54. Defendant engaged in other unlawful, abusive, harassing, and illegal debt collection and communication attempts with Plaintiff.

55. Defendant's actions were committed knowingly, as they received Plaintiff's repeated disputes and refusals to pay, received specific questions about the reasons for the dispute that alerted them to the billing issues, knew and had experience with medical bill coding, insurance coverage, previous CCF billing disputes, and requirements of the FDCPA.

56. Defendant then did nothing to correct any of these abusive, false, illegal, dishonest, and unlawful acts or representations or threats even upon additional notice. Instead, it doubled down on them by continuing its collection attempts and communications.

57. Given this knowledge, and pattern of misconduct, Defendant's conduct is not simply mistaken or bona fide error.

58. As a direct and proximate result of the conduct of Defendant alleged herein, Plaintiff has suffered and continues to suffer the economic, non-economic, and other injuries and harm to herself, her finances, and her statutory rights to not be subjected to such conduct, as outlined previously herein.

59. Defendant at all times acted knowingly, intentionally, and with actual malice or ill-will or spite in their conduct involving Ike.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

60. Plaintiff incorporates the foregoing allegations as if fully re-stated and re-written herein.

61. Plaintiff is a consumer as that term is defined by R.C. 1345.01 because she purchased personal medical services from the CCF, and transacted to do so, primarily for personal use.

62. Defendant is a supplier as that term is defined by R.C. 1345.01 because it is a debt collector attempting to collect a debt allegedly owed to another supplier that allegedly arose from a consumer transaction between Plaintiff and the CCF, and Defendant has solicited and attempted to enter into a consumer transaction with Plaintiff.

63. The transaction involved in this case is payment of moneys for personal medical services, i.e. a consumer transaction as defined in R.C. 1345.01.

64. Defendant is not a physician.

65. Defendant engaged in numerous acts and practices and omissions which are unfair, deceptive, and unconscionable in violation of the CSPA.

66. Defendant specifically engaged in conduct that is prohibited by either the Ohio Administrative Code (OAC) or state court cases that declared specific conduct to be in violation of the CSPA, published in the Public Inspection File (PIF or OPIF) maintained by the Ohio Attorney General, and published in the PIF prior to the conduct alleged herein being engaged in by Defendant.

67. Defendant represented to Plaintiff that she owed a debt that she did not owe, as prohibited by numerous cases in the PIF, including, but not limited to, *D.A.N. Joint Venture III v. Armstrong*, OPIF #10003148.

68. Defendant attempted to collect an unlawful or invalid debt from Plaintiff, as prohibited by numerous cases in the PIF, including, but not limited to, *Fry v. Boasko's Rt. 4 Automall LLC*, OPIF #10003025.

69. Defendant committed numerous violations of the FDCPA, each of which is also a violation of the CSPA, as violations of the FDCPA are violations of the CSPA as stated in numerous cases in the PIF, including, but not limited to, *Kelly v. Montgomery Lynch & Assoc.*, OPIF # 10002653; *Thomas v. JEL Home Improvement Co., Inc.*, OPIF #10001443; *State ex rel. DeWine v. Allied Interstate, Inc.*, OPIF #10002969; *State ex rel. Cordray v. National Enterprise Systems, Inc.*, OPIF #10002901.

70. Revenue Group engages in a pattern and practice of inefficiency in the collection of alleged consumer medical debts.

71. Revenue Group fails to timely respond to multiple inquiries from consumers that it is collecting money from, including Plaintiff, and refused to respond to inquire as to the multiple issues raised and questions asked by Plaintiff.

72. As a direct and proximate result of this conduct, Plaintiff suffered and continues to suffer actual economic damages, statutory damages, and non-economic damages as alleged previously in this Complaint.

73. Defendant's conduct at all times was intentional, knowingly engaged in, and engaged in with actual malice, ill-will, spite, or otherwise.

74. Revenue Group continues to engage in this conduct, will continue to engage in this conduct, and for many years prior to the filing of this Complaint has engaged in this unlawful conduct on behalf of the Cleveland Clinic Foundation, and at the direction of the Cleveland Clinic Foundation.

75. Revenue Group has multiple complaints filed against it with the Consumer Financial Protection Bureau and the Ohio Attorney General's Office, as does the Cleveland Clinic Foundation, for these, and other, unlawful and invalid billing and collection activities.

## COUNT III – VIOLATIONS OF THE CLEVELAND CONSUMER PROTECTION ORDINANCE

76. Plaintiff incorporates the foregoing allegations as if fully re-written or re-stated herein.

77. Plaintiff is a consumer as that term is defined in Cleveland Cod. Ord. section 641.03 because that definition is substantially similar to the same definition in R.C. 1345.01.

78. Defendant is a merchant as that term is defined in Cleveland Cod. Ord. section 641.07 because Defendant is a corporation that regularly deals in services in a manner which results in, or is intended to result in, consumer transactions, i.e. the sale of services for money, here the consummation of the sale of medical services to consumers.

79. The transaction involved in this case was a consumer transaction under Cleveland Cod. Ord. section 641.031 because that definition is substantially similar to the definition in R.C. 1345.01 for all relevant purposes.

80. Defendant has committed numerous unfair and deceptive trade practices as expressly outlined and prohibited by Cleveland Cod. Ord. section 641.11, as outlined above.

81. It is an unfair and deceptive practice in violation of section 641.11(s) for Defendant to have violated state consumer protection laws, as it did.

82. It is an unfair and deceptive practice in violation of section 641.11(s) for Defendant to have violated Federal consumer protection laws, as it did.

83. It is an unfair and deceptive practice in violation of section 641.11(q) for Defendant to have engaged in acts or practices which create a likelihood of deceiving or misleading consumers, including Plaintiff, as it did in relation to the actual amount of the debt, and that the initial Final Notice would be the last contact from Defendant, and that the debt was owed to a non-existent creditor, and that the debt was lawfully owed.

84. It is an unconscionable act in violation of section 641.12 for Defendant to engage in unconscionable conduct as defined by statute, regulation, or courts in the State of Ohio or Federal administrative, judicial, or legislative bodies.

85. This conduct is all prohibited by section 643.02 of the ordinances.

86. As a direct and proximate result of this conduct, Plaintiff suffered the harm outlined previously.

87. This conduct was engaged in knowingly, intentionally, out of ill-will, actual malice, recklessly, and/or otherwise.

88. Plaintiff has been aggrieved by these violations of the Cleveland Consumer Protection Ordinances as outlined previously, and is entitled under section 643.11 to recover compensatory damages, including non-economic damages, which may be trebled, punitive

damages, and other relief that is appropriate, including but not limited to injunctive relief or an order compelling compliance by Defendant with the law.

89. These remedies are in addition to, and not in lieu of or concurrent with, remedies available under the Federal and State laws for the exact same conduct, as outlined in section 643.15.

WHEREFORE, Plaintiff prays for relief as follows:

   a. Judgment against Defendant, for actual economic, consequential, direct, non-economic damages, proven, and/or statutory damages, and all other relief permitted under 15 U.S.C. section 1692k, as well as costs and reasonable attorneys' fees;

   b. Judgment against Defendant, for actual economic, consequential, direct, treble damages, non-economic damages, proven, and/or statutory damages, and all other relief permitted under R.C. 1345.09, as well as costs and reasonable attorneys' fees;

   c. Judgment against Defendant, for actual economic, consequential, direct, treble damages, non-economic, and punitive damages, proven, and all other relief permitted under Cleveland Cod. Ord. section 643.11(b) and (c), as well as costs and reasonable attorneys' fees.

   d. Injunctive relief pursuant to the CSPA and Cleveland Ordinance prohibited Defendant from engaging in the unlawful, deceptive, unfair, or unconscionable conduct complained of in relation to Plaintiff and others;

   e. Declaratory relief under the CSPA declaring the following conduct as unfair, deceptive, and/or unconscionable under the CSPA:

         1. Collecting or attempting to collect an amount in excess of the deductible, co-pay, and/or insurance-negotiated and approved amount from a consumer for medical or health services where the

consumer had private insurance, and the provider of the medical or health service had a contract with the consumer's insurance;

2. Collecting or attempting to collect an amount, from a consumer with health insurance, that is in excess of the insurance-approved and insurance-negotiated rate for the applicable medical services or goods, or where such amount is in excess of the amount permitted to be billed by R.C. 3923.81.

3. Collecting or attempting to collect an amount, from a consumer with health insurance, for medical services that were improperly coded or improperly submitted to the consumer's health insurance;

4. Collecting or attempting to collect an amount, from a consumer with health insurance, in excess of the amounts permitted by R.C. 1751.60.

f. The costs of this action, and pre-judgment and post-judgment interest.

g. Grant Plaintiff such other relief as is proper, just, and equitable.

Respectfully Submitted,

*/s/ Daniel J. Myers* _____
Daniel J. Myers (0087909)
Myers Law, LLC
600 East Granger Rd
Second Floor
Cleveland, OH 44131
P: 216-236-8202
F: 216-674-1696
E: DMyers@MyersLawLLC.com
Attorney for Plaintiff

16